**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Ricardo Vasquez, Jr.,

           Plaintiff,

vs.

Frank J. Bisignano, Commissioner of Social Security,

           Defendant.

Case No. 2:25-cv-02549-MDC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 1) AND SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1-1)**

Plaintiff Ricardo Vasquez, Jr. filed a *Motion/Application to Proceed In Forma Pauperis* ("IFP") and *Complaint*. *ECF Nos. 1*, *1-1*. This is a social security appeal and plaintiff is represented by counsel. The Court **GRANTS** plaintiff's IFP application.

**I.  Whether Plaintiff May Proceed in Forma Pauperis**

Plaintiff filed a long-form IFP application. *ECF No. 1*. Plaintiff notes that he pays for $293 in food expenses with food stamps. *ECF No. 1* at 2, 4. Plaintiff also states that he is unemployed and has been for five years, and lives with his parents. *See id.* at 2, 4-5. He also has no current assets. *Id.* at 3. Therefore, the Court finds that plaintiff adequately shows he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff may proceed with this action without paying the filing fee.

**II.  Whether Plaintiff's Complaint States a Plausible Claim**

    **a.  Legal Standard**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a

1

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### b.   Complaint

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration. *ECF No. 1-1*. Plaintiff asserts that he is disabled as that term is defined in the Social Security Act, and that he filed an application for disability insurance benefits. *Id*. The Commissioner denied the application. *Id*. He argues that the Administrative Law Judge's decision is not supported by the evidence. *Id.*  Plaintiff has appealed the decision of the Commissioner to this Court. *Id.*

Plaintiff may appeal to this Court the Commissioner's denial of his application for Disability Insurance Benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-433. This Court has jurisdiction over the matter. *Id*. Construing plaintiff's allegations in the light most favorable to plaintiff, the Court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039.

//
//
//
//
//

ACCORDINGLY, and for good cause shown,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 1) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.

2. The Clerk of the Court is directed to file the complaint (ECF No. 1-1). The complaint shall be served on the Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED: January 8, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge